UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DOUGLAS WALSTON, Individually, and on behalf   15 CV 0457 (LDW)(AYS)
of all others similarly situated,

                         Plaintiffs,

    -against-

EDWARD J. YOUNG, INC. d/b/a STANLEY
STEEMER CARPET CLEANERS and
EDWARD J. YOUNG,

                         Defendants.
-----------------------------------------------------------------X

## TRIAL STIPULATION

      WHEREAS, by Electronic Order, dated November 15, 2016, the Court directed Counsel for Plaintiff and Opt-in Plaintiffs and counsel for Defendants to confer as to whether an agreement could be reached regarding the trial of state law claims so as to obviate the need for a class certification motion;

      NOW THEREFORE, counsel for the parties have conferred and it is hereby stipulated and agreed by and between the attorneys for Plaintiff Douglas Walston and all opt-in Plaintiffs and the attorneys for Defendants Edward J. Young, Inc. d/b/a Stanley Steemer Carpet Cleaners and Edward J. Young as follows:

1. This action shall proceed to trial as a collective action pursuant to 29 U.S.C. section 216(b).
2. The collective action members shall consist of the Named Plaintiff, Douglas Walston, and all opt-in Plaintiffs who have filed consents to join this action on the Court's docket.
3. Defendant, Edward J. Young, Inc. d/b/a Stanley Steemer Carpet Cleaners is and has been an enterprise engaged in commerce or in the production of goods for commerce who has

and continues to have a gross annual volume of sales made or business done of not less than $500,000.00 each year.

4. For purposes of trial, Named Plaintiff and opt-in Plaintiffs admit only that Defendant Edward J. Young, Inc. is a retail or service establishment pursuant to 29 U.S.C. § 207(i).

5. The trial of the collective action members' claims shall include their claims under the Fair Labor Standards Act ("FLSA") and/or their state law claims under the New York Labor Law ("NYLL") depending on their dates of employment, subject to the FLSA and NYLL statutes of limitations.

6. The NYLL statute of limitations is six years from the filing of Named Plaintiff's complaint and shall go back to January 29, 2009.

Dated: Massapequa, New York
January 4, 2017

Neil H. Greenberg & Associates, P.C.
Attorneys for Plaintiff and Opt-in Plaintiffs

By: _____
Justin M. Reilly, Esq.
4242 Merrick Road
Massapequa, New York 11758
(516) 228-5100

SilvermanAcampora LLP
Attorneys for Defendants

By: _____
Brian J. Shenker, Esq.
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 497-6393

SO ORDERED:

_____
U.S.D.J.